Date signed August 31, 2010



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| SEAN MATTHEW PUMPHREY | : | Case No. 09-26777PM |
| | : | Chapter 7 |
| Debtor | : | |
| ------------------------------ | : | |
| JANET M. NESSE, TRUSTEE | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 10-0060PM |
| | : | |
| SEAN MATTHEW PUMPHREY | : | |
| Defendant | : | |
| ------------------------------ | : | |

**MEMORANDUM OF DECISION**

This case is before the court on the Motion of the Plaintiff, Janet M. Nesse, Chapter 7 Trustee of the bankruptcy estate of Sean Matthew Pumphrey, for summary judgment (the "Motion") on a two-count Complaint objecting to Debtor's discharge. Count I of the Complaint is filed under § 727(a)(2) of the Bankruptcy Code that provides:

    **11 U.S.C. § 727.  Discharge**

        (a) The court shall grant the debtor a discharge, unless--
            *        *        *        *
        (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed--
            (A) property of the debtor, within one year before

>     the date of the filing of the petition; or
>         (B) property of the estate, after the date of the filing
>     of the petition.

Count II of the Complaint is filed under § 727(a)(4)(A) that provides:

> **11 U.S.C. § 727.  Discharge**
>
> (a) The court shall grant the debtor a discharge, unless--
>    *   *   *   *
>  (4) the debtor knowingly and fraudulently, in or in connection with the case--
>   (A) made a false oath or account.

The first Count deals with the transfer of the assets of the Past & Present Construction, Inc., to Past & Present Construction, LLC.  Debtor testified, at the meeting of creditors held pursuant to 11 U.S.C. § 341(a) on October 5, 2009, that this transfer was made so that he could continue operating his business with a "clean operating name," that is, free of the debt of the predecessor.  The court is somewhat puzzled by this statement in that, notwithstanding the fact that Debtor scheduled $259,560.71 in unsecured debts without priority that appear to be almost entirely related to construction activities, Debtor's Schedule H shows that he has no co-debtors.[1]  If that was the case, this transfer of an asset by Debtor, based upon the record that is before the court, did not affect a single creditor.

The second Count of the Complaint is based upon Debtor's failure to disclose on his Statement of Financial Affairs the transfer of the assets of the corporate entity to the LLC and the subsequent transfer of his LLC interest to his wife, as well as his failure to include his wife's income from the LLC on Schedule I.

Debtor's Affidavit filed in opposition to the Motion freely admits the facts pleaded by the Trustee, stating that the LLC had no assets at the time of the transfer of the corporation's business and that the tools used in the operation of the businesses were owned by Debtor individually.  Debtor's Affidavit further states that he made his attorney fully aware of all the

---

[1] While Schedule H filed by the Debtor shows the absence of any co-debtors, paragraph 21 of his Affidavit submitted in opposition to the Motion states that "[i]n August of 2009, judgment was entered against me in favor of 84 Lumber for the debts of PPC Inc."  It appears from this statement that the Debtor was a guarantor of the corporate obligation and that the omission of co-debtors on Schedule H is perjurious.

facts, including, presumably, the transfer of the business assets and that he relied on the fact that his attorney properly completed the bankruptcy filing. However, reliance on the advice of counsel is not a viable defense to a claim of fraud when the debtor has not made a full disclosure of the relevant facts to counsel. *In re John Richards Bldg. Co*, *L.L.C*., 439 F.3d 248, 260 (CA6 2006). The fact remains that, at this stage of the proceedings, the Affidavit is uncontradicted that Debtor disclosed the transfers in issue to his experienced bankruptcy counsel, Scott Borison, Esquire, but that Mr. Borison, for whatever reason, saw fit not to include these transactions in documents filed with the court.

Debtor further argues that, in any event, the failure to disclose the transfer was inconsequential in that the assets transferred were valueless. But, in order for a falsehood or omission to be material, it need not result in detriment to creditors. *See In re Chalik*, 748 F.2d 616, 618 (CA11 1984) ("The subject matter of a false oath is 'material' and thus sufficient to bar discharge, if it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence of and disposition of his property."). Debtor must make full disclosure of all assets including those that are seemingly worthless. *See In re Mascolo*, 505 F.2d 274, 277-278 (CA1 1974). The failure to reveal the existence of these transfers prevents creditors from investigating fully the Debtor's financial condition.

As the Fourth Circuit pointed out in the recent case of *In re French*, 499 F.3d 345, 352 (CA4 2007), the question of whether Debtor has made a false oath is generally one of fact, in light of the statutory requirement that the false oath be knowingly and fraudulently made. In view of all of the circumstances present here, and with the guidance of the *French* case, the court is of the opinion that summary judgment is inappropriate in this case. At trial, the Debtor will have a lot of explaining to do as to those matters where he has the burden of proof, such as his statements that the omissions were the result of the actions of counsel.

An appropriate order will be entered.

cc:
Jeffrey M. Orenstein, Esq., 15245 Shady Grove Road, Suite 465, North Lobby, Rockville, MD
    20850
Janet M. Nesse, Esq., 1150 18th Street, Suite 800, Washington, DC 20036
Tracey M. Ohm, Esq., 1150 18th Street, Suite 800, Washington, DC 20036
Scott C. Borison, Esq., 5500 Buckeystown Pike, Frederick, MD 21701

**End of Memorandum**