Date signed October 04, 2010



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| SEAN MATTHEW PUMPHREY | : | Case No. 09-26777PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| JANET M. NESSE, TRUSTEE | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 10-0060PM |
| | : | |
| SEAN MATTHEW PUMPHREY | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

This case came before the court for trial on a two-count Complaint objecting to Debtor's discharge filed by the Plaintiff, Janet M. Nesse, Chapter 7 Trustee of the bankruptcy estate of Sean Matthew Pumphrey.

Count I of the Complaint is filed under § 727(a)(2) of the Bankruptcy Code that provides:

**11 U.S.C. § 727.  Discharge**

(a) The court shall grant the debtor a discharge, unless--
  \*        \*        \*        \*
(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed--
  (A) property of the debtor, within one year before

>   the date of the filing of the petition; or
>     (B) property of the estate, after the date of the filing
>   of the petition.

Count II of the Complaint is filed under § 727(a)(4)(A) that provides:

>   **11 U.S.C. § 727.  Discharge**
>
>   (a) The court shall grant the debtor a discharge, unless--
>     *    *    *    *
>     (4) the debtor knowingly and fraudulently, in or in connection with
>   the case--
>     (A) made a false oath or account.

Both Counts of the Complaint are based upon Debtor's failure to disclose on his Statement of Financial Affairs the transfer of the assets of Past & Present Construction, Inc. (the "Corporation") to Past & Present Construction, LLC (the "LLC"), and the subsequent transfer of his interest in the LLC to his wife.  In addition, the second Count is based upon Debtor's failure to include his wife's income from the LLC on Schedule I.

The court heard testimony from the Debtor, Elizabeth Pumphrey (Debtor's wife), Scott Borison (the attorney who filed the bankruptcy case), and Janet Nesse, the Chapter 7 Trustee. For the most part, the facts are undisputed, and the substance of this dispute deals with the numerous inaccuracies contained in the bankruptcy filings.  Debtor urges that, in making the transfer complained of by the Trustee, he had no intention to hinder, delay or defraud any creditor and that, with regard to the numerous false statements, they were not made knowingly or fraudulently.  In support of this position, Mr. Borison, a most competent and experienced bankruptcy attorney who files 300-400 consumer cases a year, sought to fall upon his sword and take the blame for all of the misstatements contained in the filings, all of which were signed under oath by the Debtor.  The court finds that the Debtor, a college graduate and an experienced businessman, and not Mr. Borison, is the party responsible for the false statements.

Debtor testified, at the meeting of creditors held pursuant to 11 U.S.C. § 341(a) on October 5, 2009, that the transfer to the LLC was made so that he could continue operating his business with a "clean operating name," that is, free of the debts of the predecessor.  In short, what Debtor did was "close" the entity through which he operated his construction business and then set up ownership of and distributions from the new entity so as to prevent creditors from garnishing his salary.  At a brief time, he drew unemployment compensation, although he was

the principal of the new entity. All distributions from the LLC went to his wife, who acted as bookkeeper.

Debtor does not dispute the chronology detailed by the Trustee, but in defense argues that the Corporation had no assets at the time of the transfer of its business to the LLC and that, if anything, it had a negative net worth. While these businesses may have had no book value, the fact, as reflected on Defendant's Exhibits Nos. 19 and 20, is that the Corporation produced officers' salaries of $161,665.00 for Debtor and his brother in 2007 and $84,274.00 for the Debtor in 2008, his brother having left the business. While nothing in the record enables the court to fix an accurate dollar value on the value of the Corporation at the time of either the transfer from the Corporation to the LLC or the subsequent transfer of the ownership of the LLC to Elizabeth Pumphrey, the court finds that it was more than nominal. The court therefore finds that both transfers were made with the intent to hinder and delay the corporate creditors as to whom Debtor was personally liable.

There are numerous falsehoods in the filings that, as stated above, the court finds to be the responsibility of the Debtor, and not of his counsel. The transfers were not disclosed, his co-liability on corporate obligations was not disclosed, and both his employment information and statement of income were fictional. Debtor, however, argues that these falsehoods were not material. But, in order for a falsehood or omission to be material, it need not result in detriment to creditors. As pointed out in the seminal case of *In re Chalik*, 748 F.2d 616 (CA11 1984), "[t]he subject matter of a false oath is 'material' and thus sufficient to bar discharge, if it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence of and disposition of his property." *Id*. at 618. *See also In re Steiker*, 380 F.2d 765, 768 (CA3 1967); *Scimeca v. Umanoff*, 169 B.R. 536, 543 (D. N.J. 1993) (finding that "extreme carelessness of the debtor in filling out the Petition will not excuse a false oath"). A debtor is required to make full disclosure of all assets, including those that are seemingly worthless, particularly if disclosure might lead to a discovery of assets. *See In re Mascolo*, 505 F.2d 274, 277-278 (CA1 1974).

Based on the foregoing, the court finds that denial of Debtor's discharge is justified under 11 U.S.C. § 727(a)(2) and (a)(4)(A). An appropriate order will be entered.

cc:
Jeffrey M. Orenstein, Esq., 15245 Shady Grove Road, Suite 465, North Lobby, Rockville, MD 20850
Janet M. Nesse, Esq., 1150 18th Street, Suite 800, Washington, DC 20036
Sean Matthew Pumphrey, 11720 Houck Road, Unionbridge, MD 21791
Scott C. Borison, Esq., 5500 Buckeystown Pike, Frederick, MD 21701

**End of Memorandum**